UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DOUGLAS JOHNSON, | Case No. 12-CV-0926 (PJS/SER) |
| Plaintiff, | |
| v. | ORDER |
| RUSTAD & ASSOCIATES, INC., | |
| Defendant. | |

Thomas J. Lyons, LYONS LAW FIRM, P.A., for plaintiff.

Troy J. Hutchinson, BRIGGS & MORGAN, P.A., for defendant.

The Electronic Funds Transfer Act ("EFTA") requires the owner of an automated teller machine ("ATM") to notify consumers twice if the ATM charges a fee for the withdrawal of cash — once on a notice posted on or near the ATM and a second time on a notice displayed on the screen of the ATM. 15 U.S.C. § 1693b(d)(3). Plaintiff Douglas Johnson is a frequent user of ATMs and a zealous enforcer of the EFTA's two-notice requirement. Like a person who goes from vending machine to vending machine looking to see if coins have been left in the coin-return slot, Johnson goes from ATM to ATM looking to see if the owner has provided two forms of notice. If Johnson finds that only one form of notice has been provided, he makes a withdrawal from the ATM, and then retains counsel to sue the ATM's owner.

This is such a lawsuit — one of at least nine such lawsuits that Johnson has filed in this District in the last year and a half.[1] In this lawsuit, Johnson alleges that, when he withdrew $20

---

[1]Along with this case, Johnson's lawsuits include *Burshten v. ATM Network, Inc.*, No. 12-CV-1985 (filed Aug. 14, 2012) (Johnson is a co-plaintiff); *Johnson v. Smarte Cash Int'l, Inc.*,
(continued...)

from an ATM operated by defendant Rustad & Associates, Inc. ("R&A") on July 18, 2011, he received only an on-screen notice of the $2.95 fee, and not a second notice posted on or near the ATM. R&A moves for summary judgment, and Johnson resists the motion, complaining that he has not yet had an opportunity to take discovery. For the reasons described below, R&A's motion is granted.

I. BACKGROUND

As ATMs began being widely introduced in the 1970s, Congress grew concerned that the operators of these strange new machines might use them to swindle naive consumers. In response, Congress passed the EFTA, which requires, among many other things, that an ATM operator must provide two forms of notice to the consumer if the ATM charges a fee for the withdrawal of funds. 15 U.S.C. § 1693b(d)(3). First, the ATM operator must post notice of the fee "in a prominent and conspicuous location on or at" the ATM (the "on-machine notice"). 15 U.S.C. § 1693b(d)(3)(B)(i). Second, the ATM operator must provide notice of the fee on the screen of the ATM (the "on-screen notice"). 15 U.S.C. § 1693b(d)(3)(B)(ii).[2] An ATM operator who provides only one of these two forms of notice can be held liable for actual damages, statutory damages of between $100 and $1,000, attorney's fees, and costs. 15 U.S.C. § 1693m.

---

[1](...continued)
No. 12-CV-0923 (filed Apr. 13, 2012); *Johnson v. ATM Network, Inc.*, No. 12-CV-0717 (filed Mar. 21, 2012); *Johnson v. Five Star Leasing Corp.*, No. 12-CV-0605 (filed Mar. 7, 2012); *Johnson v. Reed's Country Market, Inc.*, No. 11-CV-2367 (filed Aug. 17, 2011); *Hunt v. Midwest ATM, Inc.*, No. 11-CV-2026 (filed July 21, 2011) (Johnson is a co-plaintiff); *Johnson v. Midwest ATM, Inc.*, No. 11-CV-1926 (filed July 14, 2011); and *Johnson v. Buffalo Wild Wings, Inc.*, No. 11-CV-1267 (filed May 16, 2011).

[2]In lieu of the on-screen notice, the ATM operator can provide notice of the fee on a piece of paper dispensed by the ATM before the transaction is completed. 15 U.S.C. § 1693b(d)(3)(B)(ii). This appears to be uncommon, however.

The EFTA provides four defenses to an operator whose ATM is found without an on-machine notice. First, the ATM operator is not liable if the notice was removed, damaged, or altered by a third party. 15 U.S.C. § 1693h(d). Second, the ATM operator is not liable if the violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1693m(c). Third, the ATM operator is not liable if he relied in good faith upon a publication of the Federal Reserve System stating that notice is not required.[3] 15 U.S.C. § 1693m(d). And fourth, the ATM operator is not liable if he notifies the consumer of the operator's failure to provide an on-machine notice and credits the consumer's account for the amount of the fee before a lawsuit is filed by the consumer. 15 U.S.C. § 1693m(e).

On July 18, 2011, Johnson used an ATM operated by R&A at the Columbia Golf Course in Minneapolis to make a $20 withdrawal. R&A charged a $2.95 fee for the transaction, and an on-screen notice of the fee was provided to Johnson before the transaction was completed. Indeed, before he could complete the transaction, Johnson had to affirmatively agree to pay the

---

[3] The text of the EFTA is actually not clear about whether two forms of notice are required. The on-machine notice requirement and the on-screen notice requirement are not linked by either an "and" or an "or," so it is difficult to know whether Congress intended to mandate both forms of notice or only one of the two forms of notice. 15 U.S.C. § 1693b(d)(3)(B).

A former version of the Compliance Information Handbook published by the Federal Deposit Insurance Corporation ("FDIC") stated that an ATM operator may provide an on-machine notice or, "[a]lternatively, the operator may provide the notice on the ATM screen or on paper, before the consumer is obligated to pay a fee." *Dover v. Union Bldg. & Loan Sav. Bank*, No. 2:09-CV-708, 2009 WL 2612355, at *5 (W.D. Pa. Aug. 24, 2009) (internal quotations omitted). In 2009, the FDIC revised the Handbook to say that *both* on-machine *and* on-screen notice are required. *See* FDIC Compliance Manual — June 2011, http://www.fdic.gov/regulations/compliance/manual/pdf/VI-2.1.pdf, at *VI-2.7 (last visited Nov. 29, 2012) (on file with the court).

fee. But Johnson has nevertheless sued R&A because, he says, R&A failed to provide an additional on-machine notice of the fee.

II. ANALYSIS

Just a few weeks after being served with Johnson's complaint, R&A filed a motion for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and a motion for summary judgment pursuant to Fed. R. Civ. P. 56. ECF No. 2. Because the Court has considered evidence outside the pleadings, "the motion [for dismissal] must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact . . . ." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the lawsuit under the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.[4]

---

[4] R&A argues that Johnson's complaint does not allege an injury sufficient to vest the Court with standing. *See generally Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (holding that the "irreducible constitutional minimum" of Article III standing requires a "concrete and particularized" injury that is "actual or imminent."). In support of its position, R&A cites *Charvat v. First Nat'l Bank of Wahoo*, No. 8:12-CV-97, 2012 WL 2016184 (D. Neb. June 4, 2012), which found, in a case similar to this one, that an ATM patron who received on-screen notice of a fee was not injured by the absence of on-machine notice.

*Charvat* is an outlier, however, and the Court agrees with the many cases that have reached the opposite conclusion. *See, e.g., Zabienski v. ONB Bank & Trust*, No. 12-CV-0130-CVE-TLW, 2012 WL 3583020, at *3-6 (N.D. Okla. Aug. 20, 2012); *Sucec v. Greenbrier*, No. 5:11-CV-00968, 2012 WL 3079212, at *1 (S.D. W.Va. July 30, 2012); *Campbell v. Hope Cmty Credit Union*, No. 10-2649-STA, 2012 WL 423432, at *3 (W.D. Tenn. Feb. 8, 2012); *Kinder v. Dearborn Fed. Sav. Bank*, No. 10-12570, 2011 WL 6371184, at *1-2 (E.D. Mich. Dec. 20, 2011); *In re Regions Bank ATM Fee Notice Litig.*, No. 2:11-MD-2202-KS-MTP, 2011
(continued...)

For purposes of its motion, R&A concedes that its ATM at the Columbia Golf Course was missing a fee sticker on the date that Johnson used it. But R&A argues that it is nevertheless entitled to summary judgment because the absence of the sticker was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1693m(c). In support of its motion, R&A has submitted an affidavit from its owner and president, David Rustad, who describes the procedures used by R&A to ensure that each of its ATMs provides both on-machine and on-screen notice of fees. Specifically, Rustad swears that on or about January 25, 2011, he acquired new fee-notice stickers from David Engberg of Express ATM Services, Inc. Rustad Aff. ¶ 9, July 18, 2012 [ECF No. 10] ("Rustad Aff."). These stickers, Rustad says, "used a stronger commercial grade adhesive" than the stickers that he had been using on his ATMs. *Id.* According to Rustad, he began replacing the old stickers with the new stickers starting on or about January 25, 2011 — and he placed a new sticker on the ATM at the Columbia Golf Course when the ATM was activated for the season on April 8, 2011. *Id.* Rustad further attests that he checked the ATM at the Columbia Golf Course on April 8, June 14, and July 26, 2011, and that he is absolutely certain that the new fee sticker was in place on the ATM on those dates. Rustad Aff. ¶¶ 9-12.

Rustad's affidavit is corroborated by two other affidavits that R&A submitted in support of its summary-judgment motion. David Engberg of Express ATM Services, Inc., confirms in an affidavit that Rustad purchased new fee stickers from him on or about January 25, 2011.

---

⁴(...continued)
WL 4036691, at *2-4 (S.D. Miss. Sept. 12, 2011). Under the EFTA, a user of an ATM has a right to two forms of notice. If the user receives only one form of notice, then the user has been deprived of something to which he is entitled under the law. That deprivation is sufficient to constitute an injury in fact.

Engberg Aff. ¶ 4, July 18, 2012 [ECF No. 9] ("Engberg Aff."). And David Olson, who assists Rustad in maintaining the ATMs, attests that he inspected the Columbia Golf Course ATM on June 14, June 22, June 28, July 6, July 13, and July 21, 2011, and that there was a fee sticker affixed to the machine on each occasion. Olson Aff. ¶ 4, July 18, 2012 [ECF No. 11] ("Olson Aff.").

Along with those affidavits, R&A supports its summary-judgment motion with a photograph of the ATM at the Columbia Golf Course taken by Rustad on July 26, 2011 — a few days after Johnson allegedly used the ATM, but many months before R&A knew that Johnson claimed that the ATM was missing the on-machine notice when he used it. Rustad Aff. Ex. 3. That photograph shows an ATM with the words "Welcome to Columbia Golf Course" on its screen. A sticker bearing the words "Fee Notice. The operator of this ATM charges a fee for a cash withdrawal" is clearly seen in the photograph. The sticker is affixed in a prominent location on the front of the ATM. Relying on this evidence, R&A argues that even if the sticker was not affixed to the Columbia Golf Course ATM on July 18, 2011, R&A is not liable to Johnson because of the good-faith-error exception to the EFTA.

Johnson does not dispute any of the evidence submitted by R&A, nor does he submit any evidence that casts any doubt on any of the assertions made in any of the affidavits submitted by R&A. Instead, Johnson merely insists that he should have a chance to take discovery — because, if he takes discovery, he might find evidence that what Rustad, Engberg, and Olson have said is untrue or incomplete.

There is nothing inherently improper about a defendant filing a summary-judgment motion before the plaintiff has had an opportunity to take discovery. Indeed, Rule 56(b)

specifically authorizes a party to file a summary-judgment motion "at any time until 30 days after the close of all discovery." Normally, however, the Court is reluctant to grant such motions, as at such an early stage in a lawsuit the facts are often unclear, the record is usually sparse, and the plaintiff typically appears reasonably likely to discover evidence supporting his claims. In this case, however, the Court concludes that summary judgment is warranted for several reasons:

First, R&A's summary-judgment motion turns on a relatively narrow and straightforward issue: Was the alleged absence of an on-machine notice at its ATM at the Columbia Golf Course on July 18, 2011 not "intentional," but instead the result of "a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error"? 15 U.S.C. § 1693m(c).

Second, in support of its summary-judgment motion, R&A has not simply submitted an affidavit from its owner stating, in essence, that any error was in good faith. Instead, Rustad's affidavit describes in detail the procedures that he used to ensure that all of his ATMs — including the ATM at the Columbia Golf Course — displayed stickers providing notice of the fee. Rustad's affidavit is not limited to generalities, but instead includes specifics — such as the identity of the vendor from whom he bought the stickers, the date on which he bought the stickers, the date on which he affixed a sticker to the Columbia Golf Course ATM, and the dates on which he verified that the sticker on the Columbia Golf Course ATM had not been removed. The affidavit is also corroborated by the affidavits of Engberg and Olson and by photographic evidence.

Third, there is no reason to believe that discovery will uncover evidence that Rustad or the other witnesses are lying or mistaken. Nothing said in any of the affidavits submitted by R&A is, on its face, implausible or suspicious, and it is difficult to know what new information

discovery could uncover. The cash withdrawal in question took place over a year ago. It is highly doubtful that any employee or patron of the Columbia Golf Course would remember a detail as fleeting as whether a fee-notice sticker was affixed to an ATM on a particular date during the summer of 2011, and depositions of Rustad, Engberg, and Olson are unlikely to uncover much beyond what they said in their affidavits.

Finally, the context of this lawsuit must be noted. Johnson does not deny that, before he withdrew $20 from the Columbia Golf Course ATM on July 18, 2011, he was given notice of the $2.95 fee — and, in fact, he had to affirmatively agree to pay the fee before the ATM would dispense cash to him. Thus, even if the on-machine notice of the fee was missing, Johnson suffered no actual damages. This is a "gotcha" lawsuit, driven entirely by Johnson's ability to recover up to $1000 in statutory damages and, more importantly, by Johnson's ability to force R&A to pay his attorney's fees. The cost of discovery — discovery that is likely to prove fruitless, for the reasons already described — will dwarf the amount at stake in this lawsuit. And even the prospect of discovery is likely to force R&A to settle this case, as R&A would not only have to pay the fees of its own attorney, but R&A would be at risk of having to pay the fees of Johnson's attorney. If ever there was a case in which a defendant had a legitimate reason to promptly move for summary judgment, this is the case.

For all of these reasons, the Court concludes that summary judgment should be entered in favor of R&A, notwithstanding the fact that Johnson has not had the opportunity to take discovery.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion for summary judgment [ECF No. 2] is GRANTED.

2. Plaintiff's amended complaint [ECF No. 14] is DISMISSED WITH PREJUDICE AND ON THE MERITS.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: November 29, 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge